```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    EASTERN DIVISION
```

EDWARD LEE CARTER                                         PETITIONER

vs.                 Civil Case No. 2:06CV00128 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                               RESPONDENT

MEMORANDUM AND ORDER

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Edward Lee Carter, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner is serving a twenty-one month sentence of imprisonment imposed in the United States District Court for the Western District of Arkansas pursuant to his conviction in February of 2006 on the charge of conspiracy to distribute marijuana. He does not challenge his conviction or his sentence in these proceedings. His sole claim in this petition is his challenge to the Bureau of Prison's (BOP's) interpretation of 18 U.S.C. § 3624(c),[1] the

---

[1] That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

statute that governs the transfer of inmates to residential reentry centers (RRC's)[2] before their release from imprisonment, and 18 U.S.C. § 3621(b),[3] the statute that gives the BOP the general power

---

[2] These facilities were formerly known as community correctional centers (CCCs), but the BOP renamed them on March 31, 2006.

[3] That statute provides as follows:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau

to designate where a prisoner is housed during his term of imprisonment.

This is one of several cases litigated before this court concerning the BOP's transfer of inmates to RRCs. The Eighth Circuit Court of Appeals recently ruled in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), that a regulation adopted by the BOP in February of 2005 that limited placement in an RRC to the last ten percent of an inmate's sentence was invalid. In light of Fults, Respondent has filed a pleading in this case stating the BOP is modifying its procedures for institutions in this circuit, and that Petitioner will be evaluated for RRC placement utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998. Respondent further states that, under this policy statement, the Bureau "will be basing RRC recommendations on statutory (18 U.S.C. § 3621(b)), correctional, and population management interests, e.g., length of sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04,

---

shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date."  Respondent argues this petition, therefore, should be dismissed as moot.  The court is not convinced the petition is moot at this point.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted.  In accordance with <u>Fults</u>, Respondent is ordered to consider Petitioner for transfer 11 to 13 months before his projected release date, utilizing the procedures outlined in Program Statement 7310.04, dated December 16, 1998, basing its CCC/RRC recommendations on the factors in § 3621(b).

SO ORDERED this 31st day of July, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge